UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

SMITH COUNTY EDUCATION )
ASSOCIATION, et al., )
 )
    Plaintiffs, )
 )
    v. ) NO. 2:08-0076
 ) Judge Campbell/Bryant
SMITH COUNTY BOARD OF EDUCATION,)
 )
    Defendant. )

TO: The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Two motions remain pending in this case: Plaintiffs' Motion For Attorneys' Fees (Docket Entry No. 78) and Plaintiffs' Motion To Strike, Or Alternatively, For Leave To File Reply (Docket Entry No. 88). Both of these motions have been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 96).

For the reasons stated below in this report, the undersigned Magistrate Judge **recommends** that plaintiffs' motion for attorneys fees be **granted** and that plaintiffs be awarded attorneys fees in the amount of $270,312.250, and that plaintiffs' motion to strike, or alternatively, for leave to file a reply be **denied**.

## Procedural Background

Plaintiffs are four individual school teachers employed by the Smith County Board of Education and their recognized professional employees' organization. Defendant is the Smith County Board of Education. Plaintiffs filed this action pursuant

to 42 U.S.C. § 1983 and other statutes alleging that the policy of random drug testing of employees in use by the defendant school board violated plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures. Plaintiffs sought no monetary damages, but instead sought a declaratory judgment that defendant's drug testing policy was unconstitutional and a permanent injunction of further implementation or enforcement of this policy (Docket Entry No. 19 at 10-11).

Following a bench trial that commenced on November 30, 2010, before Chief Judge Todd Campbell, the Court found that defendant's 2007 drug policy, as written and implemented, was unconstitutional and violated plaintiffs' Fourth Amendment rights. The Court therefore enjoined defendant from further drug testing of Smith County teachers pursuant to the 2007 drug policy (Docket Entry No. 77).

Plaintiffs thereafter filed their motion for an award of a reasonable attorneys fee pursuant to 42 U.S.C. § 1988 (Docket Entry No. 78).

### The Parties' Motion Papers

In support of their motion for attorney fees, plaintiffs filed the affidavit of Richard L. Colbert, including a detailed itemization of hours spent on this case by plaintiffs' counsel (Docket Entry No. 80), the declarations of H. Lee Barfield II and George Barrett regarding the reasonableness of hourly rates sought by plaintiffs' counsel (Docket Entry Nos. 81 and 82), and a

supporting memorandum of law (Docket Entry No. 79).

Defendant filed their response in opposition (Docket Entry No. 87), including among certain exhibits the affidavits of Robert G. Wheeler, Jr. and Jamie D. Winkler (Docket Entry No. 87).

Thereafter, plaintiffs filed their motion to strike (Docket Entry No. 88) defendant's response in opposition. As grounds, plaintiffs argue that defendant in its memorandum in opposition, and in the attached affidavits of Mr. Wheeler and Ms. Winkler, improperly disclosed certain discussions among counsel that occurred in the context of settlement discussions and a judicially conducted settlement conference, violating local rules and the Federal Rules of Evidence. Defendant school board filed a response and memorandum in opposition (Docket Entry Nos. 89 and 90) to plaintiffs' motion to strike.

Thereafter, plaintiffs filed a reply in support of their motion for attorneys fees (Docket Entry No. 92).

## **Analysis**

Section 1988(b) of Title 42 of the United States Code provides that the court, in its discretion, may allow the "prevailing party" a reasonable attorney's fee as part of its recoverable costs. As a general rule, a plaintiff has been deemed a "prevailing party" for attorney's fees purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe,

581 F.2d 275, 278-79 (1st Cir. 1978). If a plaintiff satisfies this threshold standard, it remains for the district court to determine what fee is "reasonable." Id.

Calculating attorneys fees under 42 U.S.C. § 1988 begins with determining the so-called "lodestar amount," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Garner v. Cuyahoga County Juvenile Court, 554 F.3d 624, 642 (6th Cir. 2009), and the lodestar amount is presumed to be a reasonable fee. Pennsylvania v. Delaware Valley Citizens' Council For Clean Air, 478 U.S. 546, 565 (1986).

The affidavit of Richard L. Colbert (Docket Entry No. 80) contains a detailed accounting of all hours expended by lawyers and paralegals on this case and for which attorney's fees are sought. The declarations of H. Lee Barfield II and George Barrett suggest that the hourly rate of $350 per hour for Mr. Colbert's time, the hourly of $200 per hour for Ms. Wilbert's time, and $75 per hour for the hours of paralegal time spent by Ms. Lynch and Ms. Russell are reasonable. Significantly, defendant does not contest the reasonableness of the hourly rates proposed by plaintiffs' attorneys in this case (Docket Entry No. 87 at 18 n. 34), and the undersigned Magistrate Judge finds these hour rates to be reasonable.[1]

---

[1] In Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit promulgated twelve guidelines to be considered in setting a reasonable attorney's fee. These guidelines were referenced by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 429-30 (1983). These guidelines, for

4

Defendant does not challenge the accuracy nor sufficiency of the accounting of hours contained in Mr. Colbert's affidavit. Instead, defendant insists that plaintiffs are not entitled to an award of the entire lodestar amount upon two grounds: (1) that plaintiffs did not prevail on the central issue and other significant issues litigated in this case and therefore achieved only limited success; and (2) that plaintiffs did not obtain a judgment granting relief more favorable than that offered by defendants in the offer of judgment made by defendant pursuant to Rule 68 of the Federal Rules of Civil Procedure (Docket Entry No. 87 at 1). The undersigned Magistrate Judge will address each of these arguments.

**Plaintiffs' Failure to Prevail on Significant Issues**

Courts have recognized that an award based on the total number of hours reasonably expended on a case might result in an excessive fee if a plaintiff has achieved only partial success. Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 552 (6th Cir. 2008) (citing Hensley, 461 U.S. at 435). In such cases, the Court must address two issues: (1) whether the claims on which plaintiffs failed to prevail were or were not related to the claims on which they succeeded, and, (2) whether plaintiffs achieved a

---

the most part, address the reasonableness of the hourly rate to be applied to time spent by plaintiff's counsel. Inasmuch as defendant does not challenge the reasonableness of the $350 and $200 hourly rates sought by Mr. Colbert and Ms. Wilbert respectively, the undersigned Magistrate Judge will not assess the applicability of all twelve guidelines in this case.

5

sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorney's fees. Imwalle, 515 F.3d at 552 (citing Hensley, 461 U.S. at 434).

Work on an unsuccessful claim cannot be considered to have been expended in pursuit of the ultimate result achieved where plaintiffs have presented distinct claims for relief based on different facts and legal theories. Id. But where the plaintiffs' claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the Court should focus on the significance of the overall relief obtained by plaintiffs in relation to the hours reasonably expended on the litigation. Id.

Defendant in its memorandum identifies three issues litigated unsuccessfully by plaintiffs: (1) whether random drug testing of school teachers is unconstitutional per se; (2) whether Smith County school teachers occupied "safety-sensitive positions;" and (3) whether random drug testing is a deterrent to illegal drug use (Docket Entry No. 87 at 7-18). In the Court's findings of fact and conclusions of law, it expressly declined to find that any random drug testing of Smith County teachers is unconstitutional per se (Docket Entry No. 76 at 29). Instead the Court explicitly found that "random suspicionless drug testing of Smith County teachers under the 2007 drug policy in its current form and implementation is unreasonably intrusive and violates the Fourth Amendment." In addition, plaintiffs apparently argued at trial

6

that they did not occupy "safety-sensitive positions" and therefore were distinguishable from employees subject to the random drug testing regime found unconstitutional in <u>Knox County Education Ass'n v. Knox County Board of Education</u>, 158 F.3d 361 (6th Cir. 1998). The Chief Judge in his findings of fact and conclusions of law found that, based upon the <u>Knox County</u> precedent and the evidence presented at trial, the teachers in Smith County do hold "safety-sensitive" positions (Docket Entry No. 76 at 23). Finally, plaintiffs called as an expert witness at trial Dr. Linn Goldberg, who expressed the opinion that there is no substantial evidence that random drug testing is a deterrent to illegal drug use (Docket Entry No. 76 at 13). However, considering all evidence introduced at the trial, the Court rejected the opinion testimony of Dr. Goldberg and found that "random drug testing clearly served as a deterrent to illegal drug use." (Docket Entry No. 76 at 18). Thus, the Court rejected plaintiffs' positions on these three litigated issues and, upon the authority of the <u>Hensley</u> and <u>Imwalle</u> decisions, defendant argues that the lodestar amount should be reduced because the Court rejected these contentions urged by plaintiffs.

In response, plaintiffs argue that under the <u>Hensley</u> analysis, these three contentions upon which they failed to persuade the Court were not distinct and separate claims, but were instead related aspects of the totality of circumstances that the Court is obligated to consider when making a context-specific

7

Fourth Amendment inquiry. Rather than being distinct and separate unsuccessful claims, plaintiffs maintain that the three issues identified here by defendant were all factual issues related to the central constitutional inquiry, and that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Hensley, 461 U.S. at 440.

The undersigned Magistrate Judge finds that plaintiffs in this action sought singular relief, a declaration that the drug testing policy being used by defendant in Smith County was unconstitutional and an injunction from further testing pursuant to that policy. The Court granted plaintiffs all the relief they sought. The undersigned Magistrate Judge finds that the issues regarding the constitutionality of random drug testing per se, the "safety-sensitive" nature of the teachers' positions, and the deterrent effect of random drug testing all went to the singular question of whether the defendant's 2007 drug testing policy was reasonable under the Fourth Amendment. Although plaintiffs did not persuade the Court regarding each of these contentions, the Court nevertheless declared the policy as written and implemented unconstitutional and enjoined further drug testing under it. For these reasons, the undersigned Magistrate Judge finds that plaintiffs' counsel achieved substantially all the relief sought and that the lodestar amount of attorney's fees should not be

reduced because the Court did not adopt each factual contention raised by plaintiffs.

## Defendant's Rule 68 Offer of Judgment

On March 20, 2010, defendant made an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, in which defendant offered to allow plaintiffs to take a judgment stating that defendant shall eliminate from the Smith County Board of Education's alcohol and drug policy paragraph III.C. (Docket Entry No. 87-2). Paragraph III.C. states as follows:

> III.C.-EMPLOYEE SUBJECT TO TESTING. All employees of the Smith County Board of Education will be subject to testing for the use of alcohol and illegal drugs, including members of the Board.

This offer of judgment was not accepted by plaintiffs.

Rule 68(d) states that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Moreover, civil rights plaintiffs who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected. Marek v. Chesny, 473 U.S. 1, 10 (1985).

Defendant argues that the judgment that plaintiffs obtained was not more favorable to them than the unaccepted offer of judgment and, therefore, that plaintiffs should not be awarded legal fees for work performed after the offer of judgment was made. In support of this argument, defendant urges (1) that its offer of judgment, had it been accepted, would have effectively removed

random drug testing from the defendant Board's policy, and, (2) that "[t]he decision of the Court left intact the random component of the Board's drug testing policy." (Docket Entry No. 87 at 21).

In response, plaintiffs maintain that the mere removal of paragraph III.C. from the Board's drug policy would not have precluded the Board from conducting random drug testing as before. Plaintiffs point out that acceptance of the Board's offer of judgment would have wholly left intact Section III.D. which states:

> It is the policy of the Smith County Board of Education to randomly test at least ten (10%) percent of its employees annually.

Moreover, plaintiffs state that the Board's offer of judgment fails to contain any express prohibition, or even a limitation, regarding further drug testing of teachers.

The undersigned Magistrate Judge finds that the judgment obtained by plaintiffs in this action is more favorable than the offer made by defendant in its offer of judgment. First, the Court found that the Board's 2007 drug testing policy was unconstitutional as written and implemented, an element of the Court's judgment not included in the Board's offer. Moreover, the undersigned Magistrate Judge finds that the express terms of the Board's offer of judgment, standing alone, would not necessarily have precluded the Board from conducting further random drug testing under its policy. If the Board intended that its offer of judgment, upon acceptance, would have prohibited all further random

10

drug testing of teachers under the revised policy, the Board's offer of judgment should have explicitly said so.

For the above reasons, the undersigned Magistrate Judge finds that the lodestar attorneys' fee amount should not be reduced because plaintiffs failed to accept defendant's offer of judgment.

### **Plaintiffs' Motion To Strike**

Plaintiffs have filed their motion to strike (Docket Entry No. 88) by which they seek an order striking defendant's response in opposition and, in particular, the supporting affidavits of Robert G. Wheeler, Jr. and Jamie D. Winkler (Docket Entry Nos. 87, 87-3 and 87-4). Specifically, plaintiffs object strenuously to testimony in the two affidavits relating to statements made in the context of compromise settlement discussions among counsel. In particular, both affidavits refer to discussions among counsel on April 9, 2009, in which defense counsel state that they went "to discuss how this case might be resolved without the necessity of further discovery and a trial." In addition, the second page of both affidavits contains the statement that "[a]t the mediation session we were told that the Plaintiffs wanted a decision or an agreement that random testing of teachers in and of itself is unconstitutional."

Plaintiffs argue that these statements should be deemed inadmissible under Rule 408 of the Federal Rules of Evidence and, at least with respect to the second statement, under Local Rule 16.04(d)(3), which states in pertinent part that any statement made

11

to any counsel during a judicial settlement conference shall not be used in the litigation "for any purpose whatsoever." This local rule is expressly more expansive than Rule 408 of the Federal Rules of Evidence.

Plaintiffs concede that there is authority granting a district court discretion under Rule 408 to consider settlement discussions in awarding attorney's fees. See Lohman v. Duryea Borough, 574 F.3d 163 (3rd Cir. 2009). Plaintiffs nevertheless argue that the Court, in its discretion, should disregard as inadmissible under Rule 408 all settlement discussions and exclude the statement in the affidavits described as occurring "at the mediation session" – actually at a judicial settlement conference conducted by Magistrate Judge Knowles on May 25, 2010 – pursuant to the more expansive protection in Local Rule 16.04(d).

The undersigned Magistrate Judge finds that the statement in the affidavits of Mr. Wheeler and Ms. Winkler regarding statement by plaintiffs at the "mediation session" should be excluded as inadmissible pursuant to Local Rule 16.04(d)(3), which excludes use of such statements "for any purpose." Based upon limited authority, the undersigned Magistrate Judge finds that the Court may consider statements that occurred on April 9, 2009, as not clearly excluded by the provisions of Rule 408 of the Federal Rules of Evidence. Nevertheless, the undersigned Magistrate Judge finds that these statements attributable to plaintiffs or their

counsel are not persuasive on the issues for which they are offered.

Defendant apparently advances these statements of counsel in order to demonstrate that plaintiffs subjectively viewed a finding that the Board's random drug testing policy was unconstitutional to be the "central issue" in this case. Defendant insists that the Court's refusal to find all conceivable regimes of random drug testing of teachers to be unconstitutional per se demonstrates that plaintiffs achieved only limited success in this case. The Supreme Court has expressly rejected the subjective importance of an issue to the litigants in determining fee awards in civil rights cases. See Texas State Teachers' Ass'n v. Garland Independent School Dist., 489 U.S. 782 (1989). The Court stated: "This question, the answer to which appears to depend largely on the mental state of the parties is wholly irrelevant to the purposes behind the fee shifting provisions, and promises to mire district courts entertaining fee applications in an inquiry which two commentators have described as 'excruciating.' (citation omitted)." Id. at 791. Instead, the Court reaffirmed the analysis discussed above in Hensley.

As stated above in this report and recommendation, the undersigned Magistrate Judge finds that plaintiffs here obtained virtually all the relief they sought in a finding of unconstitutionality of the Board's 2007 drug testing policy, as written and implemented, and an injunction from further testing

13

under the policy. What plaintiffs subjectively may have considered the "central issue" of the case is simply not relevant.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. However, motions to strike are not favored and should be used only sparingly by courts. <u>Brown and Williamson Tobacco Co. v. United States</u>, 201 F.2d 819, 821-22 (6th Cir. 1953); <u>FDIC v. Berry</u>, 659 F.Supp. 1475, 1479 (E.D. Tenn. 1987). In view of this authority, the undersigned Magistrate Judge finds that plaintiffs' motion to strike should be **denied**, but that the references to settlement discussions be deemed inadmissible.

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion to strike be **DENIED**, but that the sentence in the affidavits referring to discussions "at the mediation" be deemed **INADMISSIBLE** under Local Rule 16.04(d)(3) and that the remaining affidavit testimony regarding settlement discussions be deemed **INADMISSIBLE** as irrelevant to determining the amount of a reasonable attorney's fee.

## RECOMMENDATION

For the reasons stated above in this report, the undersigned Magistrate Judge **RECOMMENDS** as follows: (1) That plaintiffs be awarded attorney's fees in the amount of $270,312.25 and (2) that plaintiffs' motion to strike, or alternatively for leave to file a reply be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 10th day of January 2012.

                                         s/ John S. Bryant  
                                         JOHN S. BRYANT  
                                         United States Magistrate Judge